UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TITUS DION PETERSON,

                    Petitioner,

         v.

UNITED STATES OF AMERICA,

                    Respondent.

CASE NO. C16-5160 BHS
               CR11-5566-BHS

ORDER DENYING PETITION

This matter comes before the Court on Titus Dion Peterson's ("Petitioner") 28 U.S.C. § 2255 petition. Dkt. 1. Also before the Court is the Government's unopposed motion to seal. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the petition and the remainder of the file and hereby denies the petition for the reasons stated herein.

**I. BACKGROUND**

On November 2, 2011, the United States of America (the "Government") arrested Petitioner on charges of various drug trafficking and firearms offenses. CR11-5566, Dkts. 1–3. On December 9, 2011, Peterson was arraigned on an indictment. *Id.*, Dkt. 29. On

September 13, 2012, Peterson was arraigned on a superseding indictment on the following eight counts:

**Count 1:** Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846;

**Counts 2 and 3:** Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2;

**Count 4:** Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2;

**Count 5:** Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

**Count 6:** Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A);

**Count 7:** Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (e)(1); and

**Count 8:** Witness Tampering, in violation of 18 U.S.C. § 1512 (b)(1) and 1512 (b)(3).

*Id.*, Dkts. 112, 128.

On September 7, 2012, Petitioner's counsel filed three suppression motions. *Id.*, Dkts. 116–118. On September 21, 2012, the Court considered all three motions in a combined hearing, Petitioner waived his right to testify, and the Court denied the motions. *Id.*, Dkt. 143. At that hearing, the Court also conducted a *Faretta* inquiry regarding Petitioner's statements that he wished to proceed *pro se*, but Petitioner stated that he wished to remain represented. *Id*, Dkt. 192. The same day, the Government filed enhanced penalty information. *Id.*, Dkt. 145.

On September 24, 2012, after numerous appointments and withdrawals of counsel, Petitioner moved to proceed *pro se*. *Id.*, Dkt. 146. On September 25, 2012, the Court

1  allowed Petitioner to proceed *pro se* after he assaulted his counsel and his counsel moved

2  to withdraw; but the Court still appointed Petitioner's seventh and final counsel as

3  standby counsel for the bench trial. *Id.*, Dkts. 150.

4      On October 3, 2012, Petitioner's bench trial began and Petitioner filed another

5  suppression motion and moved for reconsideration on the previously denied suppression

6  motions. *Id.*, Dkts. 156–161. The Court denied Petitioner's suppression motion and his

7  motions for reconsideration. *Id.*, Dkt. 161. Petitioner's stepfather, Dennis Perkins,

8  previously pled guilty and testified as a witness for the Government. *Id.*, Dkt. 162. On

9  October 5, 2012, the trial ended and Petitioner was convicted on all eight counts. *Id.*, Dkt.

10  163.

11      On June 3, 2016, the Court sentenced Petitioner to a total of 240 months of

12  incarceration followed by eight years supervised release. *Id.*, Dkts. 209, 210. Petitioner's

13  sentence included a mandatory minimum of 180 months pursuant to the Armed Career

14  Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *Id.*, Dkt. 210 at 2.

15  Petitioner's sentence also included a mandatory consecutive minimum sentence of 60

16  months pursuant to 18 U.S.C. § 924(c)(1). *Id.*

17      On June 3, 2016, Petitioner appealed his conviction on the basis that the Court

18  unlawfully denied his suppression motion. *Id.*, Dkt. 211. On December 11, 2014, the

19  Court of Appeals for the Ninth Circuit affirmed this Court's decision to deny suppression.

20  *Id.*, Dkt. 229.

21      On February 29, 2016, Petitioner filed the present 28 U.S.C. § 2255 petition to

22  vacate, set aside, or correct his sentence. Dkt. 1.

ORDER - 3

## II. DISCUSSION

**A.     Ground One**

Petitioner argues in his first ground for relief that his total 240-month sentence is incorrect. Specifically, he argues that (1) his sentence should be reduced pursuant to *Johnson*, and (2) the Court erred at sentencing when setting forth the applicable range under the sentencing guidelines.

### 1.     *Johnson* Argument

Petitioner's invocation of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), does not qualify him for resentencing. While Petitioner's prior convictions for Assault, Attempted Eluding, and Robbery may no longer qualify as predicate violent offenses under the residual clause of the ACCA, he has nonetheless been convicted of three predicate drug trafficking offenses. Dkt. 12. Accordingly, *Johnson* does not entitle Petitioner to a new sentencing.

The Court notes that the predicate trafficking offense from 1996 was absent from the 21 U.S.C. § 851 enhancement information filed by the Government prior to trial. That previous conviction was not presented to the Court until the presentencing report. Nonetheless, it was appropriate for the Court to consider Petitioner's recidivism for the purposes of the ACCA enhancement at sentencing, including his 1996 drug trafficking conviction, although it was not presented at trial. *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (holding that, in the context of sentence enhancements, recidivism need not be treated as an element of an offense); *see also United States v. Covian-Sandoval*, 462 F.3d 1090, 1097 (9th Cir. 2006) ("The fact of a prior conviction is

the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court."). In light of Petitioner's three predicate drug trafficking offenses, imposing a sentence under the ACCA was not in error.

### 2.    Guidelines Calculation

Petitioner argues that his 240-month sentence is in error because "[t]he Court's sentencing calculation totaled 25 and level 6 . . . which puts [him] in the sentencing range of 110–137 months." Dkt. 1 at 4. However, this argument fails to account for the application of the ACCA or 18 U.S.C. § 924(c). Under the ACCA and § 924(c), Petitioner received no more than the mandatory consecutive minimum sentences. This total sentence of 240 months actually fell below the sentencing range set forth in USSG § 4B1.1(c)(3), applicable to Petitioner, of 360 months to life. Additionally, the Court explained its downward departure at sentencing by stating that the mandatory minimum was a sufficient sentence, but no longer than necessary, to achieve the purpose of imposing incarceration. *See* CR 11-5566, Dkt. 219 at 31–32. This explanation was adequate under the law. 18 U.S.C. 3553(a); *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the Court finds it did not err in the guidelines calculation used at sentencing.

**B.    Ground Two**

In his second ground, Petitioner claims several due process deprivations. Petitioner argues that (1) he was deprived of adequate time to enter a proposed plea agreement with the State of Washington, (2) the Government lacked probable cause to search for guns

1   recovered from Dennis Perkins's storage unit, and (3) the Government failed to disclose

2   the failed drug tests of a key witness, Dennis Perkins.

3   **1.      Cancelled Plea Bargain Offer**

4   According to Petitioner, the Government deprived him of the opportunity to accept

5   a plea agreement with the State of Washington by "threatening" him on October 26,

6   2011, that if he didn't "take the state deal by Oct. 28, 2011 a federal warrant would be

7   issued." Dkt. 1 at 5. Petitioner contends that he had verbally accepted the state deal and

8   was scheduled to enter a plea on October 31, 2001, but the federal warrant was issued on

9   October 28, 2001, wrongfully depriving him of the opportunity to enter the state plea

10  agreement. *Id.*

11  First, the Court notes that W.D. Wash. Local Rules CrR 11(c)(1) provides:

12  "Without court approval, plea agreements in felony cases shall be in writing and signed

13  by the defendant, the defendant's attorney and the attorney for the government."

14  Accordingly, Plaintiff's alleged *verbal* acceptance of a plea agreement offered by

15  Washington State does not suggest the existence of a plea agreement that would have

16  been enforceable before this Court on Plaintiff's federal charges.

17  Moreover, Plaintiff provides no authority, and the Court can find none, to suggest

18  that a defendant has a right to specific performance of a plea agreement that was never

19  formally accepted or entered. To the contrary, the Supreme Court has even stated that,

20  depending on the applicable jurisdiction's law, "it appears the prosecution has some

21  discretion to cancel a plea agreement to which the defendant has agreed." *Missouri v.*

22  *Frye*, 132 S. Ct. 1399, 1410 (2012).

1    Washington law states that that the prosecutorial standards in plea agreement

2    negotiations set forth in RCW 9.94A "are not intended to, do not and may not be relied

3    upon to create a right or benefit, substantive or procedural, enforceable at law." RCW

4    9.94A.401. Accordingly, the Court finds that Petitioner cannot assert a substantive right

5    to enforce a state plea negotiation that never resulted in a formal agreement approved by

6    a state court pursuant RCW 9.94A.431.

7    Petitioner does have a right to effective assistance of counsel during plea

8    negotiations, but Petitioner does not argue that his counsel was ineffective for failing to

9    formalize and enter a plea agreement in state court prior to October 28, 2011. Even if

10   Petitioner had pursued such an argument, it would fail. While the federal complaint was

11   sworn out on October 28, 2011, Petitioner was not arrested until November 2, 2011.

12   CR11-5566, Dkts. 1, 9.  Petitioner alleges that he was scheduled to enter a plea

13   agreement on October 31, 2011. Dkt. 1 at 5. Under such circumstances, Petitioner cannot

14   show that the federal complaint filed on October 28, 2011, prejudiced his ability to enter

15   the state plea agreement as allegedly scheduled on October 31, 2011.

16   **2.      Probable Cause for the Search Warrant**

17   Petitioner alleges that the Government lacked probable cause to search for the

18   guns that were found in a storage unit registered to Dennis Perkins because "there was no

19   evidence submitted that guns existed . . . in the [warrant] affidavit. Allegations of drugs

20   in itself is not enough." Dkt. 1 at 5.

21   The fact that law enforcement were lawfully searching for drugs when they

22   discovered the firearms does not mean that Petitioner can suppress the firearms. When

law enforcement discovers firearms while conducting a lawful search, and the
incriminating nature of the firearms is readily apparent due to previous drug trafficking
convictions, "the seizure of the firearms [i]s justified under the plain view doctrine."
*United States v. Tate*, 133 F. App'x 447, 448 (9th Cir. 2005) (citing *United States v.
Ewain*, 88 F.3d 689, 693 (9th Cir. 1996)).

As the Court found in the suppression hearing on September 25, 2013, *see* CR11-
5566, Dkt. 192 at 135–40, and again on Petitioner's motion for reconsideration, *see id.*,
Dkt. 197 at 123–24, the warrant to search the storage facility was based on probable
cause. This ruling was affirmed on appeal. *Id.*, Dkt. 229. Because law enforcement
lawfully accessed the firearms while executing a valid search warrant and the
incriminating nature of the guns was immediately apparent, the seizure of the guns was
justified.

### 3.     Drug Tests of Government Witness

Petitioner argues that the Government wrongfully withheld information showing
that a Government witness—Dennis Perkins, Petitioner's codefendant—failed two drug
tests while on bond. Dkt. 1 at 5–6. To establish a *Brady* violation in contravention of his
due process rights, Petitioner must show: (1) the Government suppressed evidence, (2)
the evidence was exculpatory or impeachment evidence favorable to the defendant, and
(3) the nondisclosure prejudiced the defense. *Benn v. Lambert*, 283 F.3d 1040, 1052–53
(9th Cir. 2002).

Petitioner cannot show that the evidence was suppressed or that the alleged
nondisclosure would have prejudiced his defense. The pretrial petition and order for

1    warrant, CR11-5566, Dkt. 65, filed in Petitioner's case on April 6, 2012, described the

2    Perkins's violation of his bond conditions. This information was further described in

3    subsequent docket entries. *Id.*, Dkts. 67, 68. "[T]here is no authority for the proposition

4    that the government's *Brady* obligations require it to point the defense to specific

5    documents with[in] a larger mass of material that it has already turned over." *United*

6    *States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997), *cited by Rhoades v. Henry*, 638

7    F.3d 1027, 1055 n.12 (9th Cir. 2011).

8            Moreover, even if the Government had not revealed that Dennis Perkins had

9    violated his bond conditions, the witness's continued use and addiction to narcotics was

10   otherwise made known to Petitioner and highlighted at trial. *Id.*, Dkt. 198 at 86, 91, 104.

11   Also, Perkins's drug use was clearly known to Petitioner because Petitioner was

12   supplying Perkins with drugs. *Id.*, Dkt. 198 at 104. Petitioner cannot show that there was

13   a suppression in violation of *Brady* because he "had all the salient facts regarding the

14   existence of the [evidence] that he claims [was] withheld." *Rhoades v. Henry*, 638 F.3d

15   1027, 1039 (9th Cir. 2011) (quotation omitted). Because Petitioner can show neither

16   suppression nor prejudice, his argument fails.

17   **C.    Ground Three**

18           In ground three, Petitioner argues that the Court erred by (1) denying his motion

19   for reconsideration regarding suppression of evidence obtained from the storage unit, (2)

20   finding that the warrant to search the storage unit was based on probable cause, and (3)

21   finding that the "good faith exception" would apply to any misstatements in the warrant

22   affidavit.

Petitioner has not raised any issue that was not addressed at his pretrial

suppression hearing or affirmed on appeal. While Petitioner attempts to frame his

arguments as separate "procedural errors," each argument is defeated by a finding that the

warrant to search the storage unit was supported by probable cause. As addressed above,

the warrant to search the storage facility was based on probable cause. *See* CR11-5566,

Dkt. 192 at 135–40; *Id.*, Dkt. 197 at 123–24. The Court of Appeals affirmed this finding.

*Id.*, Dkt. 229. Accordingly, Petitioner's arguments fail. *See United States v. Currie*, 589

F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not

reviewable in a subsequent § 2255 proceeding . . . that the issue may be stated in different

terms is of no significance.") (internal citations omitted).

**D.     Ground Four**

In ground four, Petitioner argues that he was deprived of constitutional rights

when the Government allegedly (1) failed to turn over the audio recording of a March 9,

2010 interview of informant A.S. with police, (2) failed to disclose the benefits Dennis

Perkins and informant A.S. gained by testifying against Petitioner or revealing

information about him, and (3) allowed Dennis Perkins to testify falsely about his

involvement with Petitioner's drug trafficking.

As stated above, a *Brady* violation requires that (1) the Government suppressed

evidence, (2) the evidence was exculpatory or impeachment evidence favorable to the

defendant, and (3) the nondisclosure prejudiced the defense. *Benn*, 283 F.3d at 1052–53.

However:

There is no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source, because in such cases there is really nothing for the government to disclose.

*Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) (internal edits and quotations omitted). *See also Rhoades*, 638 F.3d at 1039 (no suppression under *Brady* when defendant "had all the salient facts regarding the existence of the [evidence] that he claims [was] withheld.").

Here, all of the information that Petitioner argues was wrongfully suppressed was provided to Petitioner's defense. Petitioner argues that he did not receive an audio recording of the law enforcement interview of informant A.S., whose statement connected Petitioner's drug trafficking to Dennis Perkins's storage unit for the purposes of the warrant affidavit. Dkt. 1 at 8. However, it appears that Petitioner's defense was indeed provided the tape recorded statement. CR11-5566, Dkt. 190 at 7. Moreover, at the very least, the full content of that interview was provided to Petitioner and his defense in the form of a written transcript. *Id.*, Dkt. 192 at 19–21.

Petitioner also claims that the Government suppressed information regarding the benefits that its informant and witness received for testifying against him. Dkt. 1 at 8. However, the Government provided Petitioner with a copy of Dennis Perkins's plea agreement. CR11-5566, Dkt. 192 at 8–11. Also, in addition to providing Petitioner with *Brady* material regarding informant A.S., including his plea agreement, *see id.*, Dkt. 190 at 6–7, 10–11, the warrant affidavit sufficiently set out that the informant was cooperating with law enforcement in hopes of receiving a reduced sentence in his own prosecution. *Id.*, Dkt. 192 at 137–38.

1    Petitioner also contends that the Government knowingly allowed Dennis Perkins

2    to testify falsely about the timing of his involvement with Petitioner's drug trafficking

3    activities in violation of *Napue v. Illinois*, 360 U.S. 264, 269–70 (1959). However,

4    Petitioner makes no specific allegations to support this contention. Where there are

5    allegations of prosecutorial misuse of false testimony, "[t]o earn the right to an

6    evidentiary hearing, a movant is required to allege specific facts which, if true, would

7    entitle him to relief." *United States v. Zuno-Arce*, 25 F. Supp. 2d 1087, 1118 (C.D. Cal.

8    1998), *aff'd*, 209 F.3d 1095 (9th Cir. 2000), *and aff'd in part, appeal denied in part*, 339

9    F.3d 886 (9th Cir. 2003) (citing *Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997);

10   Rule 4(b) of the Rules Governing Section 2255 Proceedings). Petitioner has failed to

11   describe with any specificity either (1) the testimony of Dennis Perkins that he claims

12   was false or (2) facts whereby the Court could draw an inference that the Government

13   knew of such falsity. Accordingly, Petitioner's *Napue* argument fails.

14   **E.    Grounds Five and Six**

15   In Ground Five, Petitioner again argues that the search warrant for the storage unit

16   was invalid. In Ground Six, Petitioner argues that he was denied effective assistance of

17   counsel because his counsel (1) failed to prove that the Government was lying in order to

18   establish probable cause for the search warrant; (2) failed to file his "offer of proof"

19   regarding the veracity of interview notes supporting the warrant; (3) untimely filed an

20   additional "offer of proof" regarding a different March 9, 2010 interview that would

21   allegedly disprove the veracity of information supporting the warrant; (4) failed to

22   compel discovery of the audio for the March 9, 2010 interview; (5) failed to show that the

good faith exception did not apply to the warrant; (6) relied on the transcribed version of the March 9, 2010 interview rather than the actual audio; and (7) relied on facts contained in the warrant affidavit when drafting suppression motions rather than arguing that the affidavit was based on inaccurate information. In sum, Petitioner argues that the Court wrongly found that the search warrant was valid and that his attorneys were ineffective for failing to use an audio recording of the March 9, 2010 interview to prove otherwise.

The Court has already addressed whether the warrant was based upon probable cause. As found at Petitioner's pretrial suppression hearing and as affirmed on appeal, the search warrant for the storage unit was based on probable cause. *See* CR11-5566, Dkt. 192 at 135–40; *Id.*, Dkt. 197 at 123–24; *Id.*, Dkt. 229. Also, Petitioner's allegation that his counsel relied upon a written transcript rather than an actual audio recording does not state any objectively deficient performance that could constitute ineffective assistance of counsel. Accordingly, the Court finds no error on Petitioner's fifth and sixth grounds.

### III. ORDER

Therefore, it is hereby **ORDERED** that the petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**. The Government's motion to seal (Dkt. 11) is **GRANTED**.

Dated this 6th day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 13